UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID EDWARDS, | No. 2:13-cv-02218 DAD DB P |
| Plaintiff, | |
| v. | |
| SWARTHOUT, | ORDER |
| Defendant. | |

Plaintiff is a state prisoner proceeding with counsel in a civil rights action pursuant to 42 U.S.C. § 1983. On April 20, 2017, the court granted defendant's motion for summary judgement and dismissed plaintiff's claims. (ECF No. 37.) On appeal, the Ninth Circuit affirmed in part and vacated in part the court's ruling. (ECF Nos. 42, 43.) The case was remanded "for further proceedings on the equal protection claim only." (ECF No. 43 at 5.) In remanding the case, the Ninth Circuit stated that "the district court may consider alternate bases for summary judgement and order supplemental briefing." (Id.)

On September 30, 2022, the parties submitted a joint request for a status conference in this action. (ECF No. 52.) The court granted that request and ordered parties to file status reports identifying what issues the parties wished to address at the status conference. (ECF No. 54.)

In his report, plaintiff requests that this matter by set for trial. (ECF No. 55 at 3.) Plaintiff states that he does not believe the court needs to adjudicate any claim preclusion and qualified

1 immunity arguments from defendant. (Id.) Plaintiff argues that defendant has waived his
2 potential claim preclusion argument and notes that the court previously declined to consider the
3 qualified immunity argument. (Id. at 4.) However, plaintiff requests the opportunity to submit
4 additional briefing if the court decides to consider these arguments. (Id.) In their report,
5 defendant argues these grounds for summary judgment should be heard. (ECF No. 56 at 5.)
6 Defendant also requests that the court ordering additional briefing on these issues (Id.)

7      As noted by both parties, the court previously declined to consider the qualified immunity
8 argument. (ECF No. 33 at 24.) This was because the court had already recommended that
9 defendant's summary judgment motion be granted and thus did not need to consider the issue.
10 (Id.) Consistent with the Ninth Circuit's order, the court will now consider alternative bases for
11 summary judgment before setting trial dates. Additional briefing will be ordered as both parties
12 have requested the opportunity to do so.

13      The parties disagree as to whether defendant waived their claim preclusion argument by
14 failing to raise it in the initial motion for summary judgment. (ECF No. 55 at 4; ECF No. 56 at 4-
15 5.) However, the court will abstain from deciding this matter at the present time as a claim
16 preclusion argument has not yet been brought before this court by defendant and both parties have
17 not had an opportunity to fully brief this issue.

18      In light of the requests of both parties, the age of the original filings, the fact that plaintiff
19 has obtained counsel, and consistent with the Ninth Circuit's order, the court will order
20 supplemental briefing from the parties. In this briefing, parties are directed to address whether
21 defendant is entitled to summary judgment on the remaining equal protection claim. To the
22 extent that any arguments are raised by defendant that were not previously contained in
23 defendant's initial motion for summary judgement (ECF No. 27), parties should address if the
24 court can properly consider these new arguments including whether those grounds have been
25 waived.

26      This order of additional briefing appears to resolve the only issue identified by the parties
27 as needing to be addressed at the currently scheduled status conference. (See ECF Nos. 55, 56.)
28 As such, the status conference set for Friday, November 4, 2022 will be vacated. Should parties

have any additional issues they wish the court to address they are invited to request a new status conference. Any request should identify the purpose of the proposed status conference.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant shall file briefing consistent with this order by December 16, 2022;
2. Plaintiff shall file his response by January 30, 2023;
3. Defendant shall file their reply, if any, by March 1, 2023; and
4. The status conference set for November 4, 2022 is vacated.

Dated: November 1, 2022

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:14
DB/DB Prisoner Inbox/Civil Rights/R/edwa2218.briefing