UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN EDWARDS,<br><br>Plaintiff,<br><br>v.<br><br>GARY SWARTHOUT, Warden,<br><br>Defendant. | No. 2:13-cv-02218-DJC-SCR P<br><br><br><br>ORDER |

    Plaintiff proceeds in this matter as Successor in Interest for David E. Edwards, who filed this civil rights action seeking relief under 42 U.S.C. § 1983 on October 23, 2013.[1] The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

    On April 25, 2024, the then-assigned Magistrate Judge filed Findings and Recommendations herein which were served on all Parties and which contained notice to all Parties that any objections to the Findings and Recommendations were to be filed within fourteen days. (ECF No. 64.) Defendant filed timely Objections to the Findings and Recommendations, and Plaintiff filed a Response. (ECF Nos. 65, 68.)

    In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court has conducted a *de novo* review of this case. Having carefully

---

[1] Jonathan Edwards was substituted as Plaintiff in this action on March 4, 2024. (ECF No. 84.)

1

reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.

In particular, the Court agrees with the Magistrate Judge that Defendant forfeited his claim preclusion defense by failing to raise it in his pleadings. *See Clements v. Airport Auth. of Washoe Cnty.*, 69 F.3d 321, 328 (9th Cir. 1995) ("Claim preclusion is an affirmative defense which may be deemed waived if not raised in the pleadings."). Further, even if Defendant had not waived that defense, claim preclusion does not apply here because there is no privity between Defendant in this matter, where he is sued in his individual capacity, and Defendant in the prior state court matter, where he was sued in his official capacity. *See Mir v. Kirchmeyer*, No. 12-CV-2340-GPC-DHB, 2016 WL 2745338, at *8 (S.D. Cal. May 11, 2016), *aff'd sub nom. Mir v. Levine*, 745 F. App'x 726 (9th Cir. 2018) ("There is not privity, however, where the parties in the two suits have not been sued in the same capacity because a defendant in his official capacity does not represent the same legal right as he does in an individual capacity."); *Lull v. Cnty. of Placer*, No. 2:19-cv-02444-KJM-AC PS, 2020 WL 1853017, at *7 (E.D. Cal. Apr. 13, 2020), *report and recommendation adopted*, 2020 WL 7023954 (E.D. Cal. Nov. 30, 2020) ("A government official in his official capacity is not in privity with himself in his individual capacity for purposes of res judicata."). Finally, the Court agrees that Defendant is not entitled to qualified immunity because, under the holdings in *Johnson v. California*, 543 U.S. 499 (2005), *Richardson v. Runnels*, 594 F.3d 666 (9th Cir. 2010), and *In re Marcellious Tucker*, No. FCR-233502 (Cal. Sup. Ct. May 13, 2009), Defendant was on clear notice that implementing a race-based modified program based on an unsubstantiated belief of a link between the race of the individuals who perpetrated the incidents at issue and all inmates of that race violated the Fourteenth Amendment.

Accordingly, IT IS HEREBY ORDERED as follows:

1. The Findings and Recommendations (ECF No. 64) are ADOPTED in full;

////

2. Defendant's further grounds in support of summary judgment on Plaintiff's remaining equal protection claim are DENIED; and
3. This case is referred back to the assigned Magistrate Judge for further pretrial proceedings.

IT IS SO ORDERED.

Dated: __June 2, 2025__

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC4 – Edwards13cv2218.JO